1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  NEILL T. TSENG (CSBN 220348)
   Assistant United States Attorney
4
   450 Golden Gate Avenue, Box 36055
5  San Francisco, California 94102-3495
   Telephone: (415) 436-7155
6  FAX: (415) 436-6927
   neill.tseng@usdoj.gov
7
   Attorneys for Defendant
8  UNITED STATES OF AMERICA

9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                          OAKLAND DIVISION
12

13  STATE FARM MUTUAL AUTOMOBILE )      No. CV 09-4789 PJH
    INSURANCE COMPANY,            )
14                                )
           Plaintiff,             )      **STIPULATION AND [PROPOSED]**
15                                )      **ORDER APPROVING COMPROMISE**
       v.                         )      **SETTLEMENT**
16                                )
    UNITED STATES OF AMERICA, and )
17  DOES ONE through TEN, inclusive, )
                                  )
18         Defendants.            )
    _____)
19

20         IT IS HEREBY STIPULATED by and between plaintiff State Farm Mutual Automobile

21  Insurance Company ("Plaintiff"), and defendant United States of America ("Defendant"), as

22  follows:

23         1.     The parties hereby agree to settle and compromise the above-captioned action

24  ("This Action") under the terms and conditions set forth herein.

25         2.     Defendant United States of America agrees to pay to plaintiff State Farm Mutual

26  Automobile Insurance Company the sum of Eight Thousand Five Hundred Dollars exactly

27  ($8,500.00) (the "Settlement Amount"), which shall be in full settlement and satisfaction of any

28  and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from

and by reason of any and all known and unknown, foreseen and unforeseen, bodily and personal injuries and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to This Action, including any claims for wrongful death, for which Plaintiff or its heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees.

3.     Plaintiff and its heirs, executors, administrators or assigns hereby agree to accept the sum stated in paragraph 2 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, economic losses, and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, agents, servants and employees on account of the same subject matter that gave rise to This Action, including any claims for wrongful death.

4.     This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of the United States, its agencies, agents, servants, or employees, and is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5.     This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

6.     It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with This Action shall not exceed 25 percent of the Settlement Amount.

7.     Payment of the Settlement Amount will be made by a check for Eight Thousand Five Hundred Dollars exactly ($8,500.00) made payable to "State Farm Mutual Automobile Insurance Company."

8.     In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that he will, no later than seven days after the Court's approval of this Stipulation and Agreement, execute a Stipulation of Dismissal With

Prejudice, which stipulation shall dismiss with prejudice all claims asserted in This Action or any claims that could have been asserted in This Action. The fully executed Stipulation of Dismissal With Prejudice will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount.

9.      Plaintiff and his attorney have been informed that payment may take up to sixty (60) days from the Court's approval of this Agreement to process.

10.     The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind this Agreement and pursue its original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

11.     Plaintiff hereby releases and forever discharges the United States and any and all of its past and present officials, employees, agencies, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in this action.

12.     The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

13.     This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into

by the parties with the advice of counsel, who have explained the legal effect of this Agreement.
The parties further acknowledge that no warranties or representations have been
made on any subject other than as set forth in this Agreement.  This Agreement may not be
altered, modified or otherwise changed in any respect except by writing, duly executed by all of
the parties or their authorized representatives.

Respectfully submitted,

DATED: 1/28/10

_____
JEFFREY W. PARKS
Attorney for Plaintiff

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: 1/28/10

_____
NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: 1/29/10

HONOR_____TON
UNITE_____E

IT IS SO ORDERED
Judge Phyllis J. Hamilton

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA